### HENRY KAELIN & SON, Inc., v. UNITED STATES.

(District Court, E. D. New York. May 3, 1923.)

1. Admiralty ⬾60—Allegations that vessels were engaged "in carriage of merchandise" equivalent to allegation that each was merchant vessel.

A libel alleging that respondent is the owner of two steamships, "which at all said times were, and still are, general ships engaged in the common carriage of merchandise for hire, between, among others, the port of New York and the port of Havana, Cuba," is equivalent to an allegation that each of said vessels was, at the times mentioned, employed as a merchant vessel, as required by Act March 9, 1920.

2. Admiralty ⬾44—Respondent, after appearing generally, cannot file exceptions to libel.

Though a libel against vessels owned by the United States did not allege that either of the libeled vessels was at the time of the institution of the suit within the district, and the respondent answered admitting the admiralty and maritime jurisdiction of the court, and denying the other matters contained in the libel, respondent cannot thereafter file exceptions to the libel for want of jurisdiction.

⬾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. United States ⬅125—Congress may designate court in which suit shall be brought.

Congress has the power, not only to say in what kind of cases the United States may be sued, but in what court the suit may be brought.

4. Courts ⬅24—Jurisdiction of subject-matter not vested by consent.

Jurisdiction of the person may be given to the court by consent, but jurisdiction of the subject-matter cannot be conferred by consent.

5. United States ⬅140—Admissions in answer in action against the United States binding as in case of other parties.

The United States may be bound by the formal admission of a fact in its answer in the same manner as any other party to an action; and this is true in a suit in admiralty, where the answer of the United States makes formal admission of facts which give the court jurisdiction of the subject-matter.

6. Admiralty ⬅70—United States ⬅125—No person has authority to give jurisdiction over government by consent, and one libeling United States vessels must prove jurisdictional facts.

Though the United States can be bound by the formal admission of a particular fact in a pleading, no one has authority on its behalf to give jurisdiction by consent, and, though the answer of the United States in a suit in admiralty admitted the jurisdictional facts, the libelant will nevertheless be compelled to prove on the trial that the vessels libeled were in the district in which the suit was brought at the time of the filing of the libel, as required by Act March 9, 1920; the libelant having elected to have the suit brought in accordance with the principles of libels in rem.

In Admiralty. Libel by Henry Kaelin & Son, Inc., against the United States. On defendant's exceptions to libel, and motion for leave to amend answer. Exceptions overruled, and leave to amend granted.

Burlingham, Veeder, Masten & Fearey, of New York City (Ray R. Allen and Carl G. Stearns, both of New York City, of counsel), for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for respondent.

CAMPBELL, District Judge. This case is now before the court upon exceptions to the libel and motion for leave to amend the answer. The libelant alleges that it is a corporation incorporated under the laws of the Republic of Cuba, with its principal office for the transaction of business in the United States, at 488 Clermont avenue, borough of Brooklyn, city of New York, within the Eastern District of New York. It alleges in the second article of the libel that the respondent is the owner of the steamships Coosa and Isonomia, which at all said times were, and still are, general ships engaged in the common carriage of merchandise for hire, between, among others, the port of New York and the port of Havana, Cuba.

[1] This allegation the court considers equivalent to an allegation that each of said vessels was, at the times mentioned, employed as a merchant vessel. Section 2, Act March 9, 1920, 41 Stat. at Large, 526. The United States by its answer, in the second article, admits that the steamships Coosa and Isonomia were owned by and registered in the name of the United States Shipping Board, and admits the

other matters contained in the second article of the libel. There is no allegation in the libel that either of the said vessels was, at the time of the institution of the suit, within this district.

The libelant alleges in the tenth article of the libel that:

"All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this honorable court."

The United States, in the tenth article of the answer, admits the admiralty and maritime jurisdiction of the United States and of this honorable court, but denies the other matters contained in the tenth article of the libel.

The United States, after having appeared generally and answered, filed exceptions to said libel, and now moves to amend its answer, so as to allege as to each of said vessels, Coosa and Isonomia, that she was not, on or about May 19, 1920, employed as a merchant vessel within the meaning of the provisions of the Act of Congress approved March 9, 1920, but was tied up and out of commission, and also moves to amend its answer so as to allege that on or about May 19, 1921, and at the time said libel was filed, said steamship Coosa was tied up at Hog Island, within the district of Pennsylvania, and not within the Eastern district of New York, and that said steamship Isonomia was, on or about said date and at the time said libel was filed, tied up in the James river, near Norfolk, within the Eastern district of Virginia, and not within the Eastern district of New York.

[2] The respondent, having generally appeared and answered, cannot at this stage of the proceedings file exceptions to the libel, but the case must go to trial. The libelant would have no right to sue the respondent, the United States, a sovereign power, unless it had given its consent, and that consent is found in the act of 1920, supra. Therefore the statute must be strictly construed, and the courts are confined to the express terms of the statute which gives that consent.

[3] Congress has the power, not only to say in what kind of cases the United States may be sued, but in what court the suit may be brought. The Isonomia, 1923 A. M. Cases, 132.

[4] Jurisdiction of the person may be given to the court by consent, but jurisdiction of the subject-matter cannot be given by consent.

[5] The United States, however, can be bound by the formal admission of a fact in its answer, the same as any other party to any action, and I therefore believe that it is bound by its admission of the character of the vessels in question, contained in the second article of the answer.

There is no specific allegation in the libel that the vessels were in this district at the time of the filing of the libel, and therefore had the respondent appeared specially and challenged jurisdiction by filing an exception to the libel on that ground, such exception would have been sustained.

There is, of course, no admission in the answer that said vessels were at the time of the filing of the libel in this district. There is, however, in the tenth article of the libel a general allegation of jurisdiction, which is denied in part.

[6] While the respondent, the United States, can be bound by a formal admission of a particular fact in a pleading, no one has authority on its part to give jurisdiction by consent, and therefore the libelant will be compelled to prove on the trial that said vessels were in this district at the time of the filing of the libel, because the libelant has elected, in its amended libel, to have this suit brought in accordance with the principles of libels in rem.

The real question, however, is whether this court has jurisdiction of the subject-matter of the action, and the United States, having appeared generally and answered, cannot now on a technical motion prevent the libelant from showing the facts, if the facts can be shown, which give this court jurisdiction of the subject-matter of the action, for to rule otherwise would be to perpetrate a greater injustice, as the time within which the libelant could commence a new action has expired by limitation of law, and libelant has properly rested on the answer of the United States. But as libelant must show on the trial that the court has jurisdiction of the subject matter of the action, there is no reason why the respondent should not have the right to present, as an affirmative defense, the lack of those facts which would show jurisdiction.

This places libelant in exactly the same position that libelant would have been in, had the respondent excepted to the libel before answering, and thus gives the libelant the opportunity by amendment to make the allegations which would be necessary to show jurisdiction of the court over the subject-matter of the action.

The exceptions are therefore overruled, and leave is given to the respondent to amend as requested on this motion.